IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CARL BANKS, ET AL.                                                                                    PLAINTIFFS

vs.                                              NO. 5:08CV00152 BSM

BUNGE NORTH AMERICA, ET AL.                                                         DEFENDANTS

## ORDER

Pending before the court is defendants' motion to consolidate this case with 5:07CV179 WRW.  For the reasons set forth below, the motion is granted.

### I.  BACKGROUND

Plaintiffs, who are African-Americans engaged in the trucking business, filed this action (*Banks*) in the Circuit Court of Jefferson County, Arkansas, on April 17, 2008, alleging that defendants paid Caucasian truckers more than similarly situated African-American truckers for the same hauling work.   Defendants removed the case on May 27, 2008.   On that same date, plaintiffs filed their amended complaint, alleging race discrimination in matters of contract and seeking class action status.  The proposed class is defined as all African-Americans who were paid less than similarly situated Caucasians by defendants over the past five years.

On May 27, 2008, the case styled *Gary Alexander and Alexander Transportation, LLC v. Bunge Corporation of North America and Chris Tilley*, was filed in the Circuit Court of Jefferson County, Arkansas (*Alexander*.).  Defendants removed the action on June 27, 2008, and it was docketed as 5:08CV179WRW.  As in *Banks*, the plaintiffs allege that they are

African-Americans engaged in the trucking business and that defendants pay Caucasians more than similarly situated African-Americans for the same hauling work.

By order dated August 8, 2008, the *Alexander* court allowed plaintiffs to amend their complaint to add four additional plaintiffs. The allegations in *Alexander* mirror those in *Banks*. Thus, the plaintiffs in both cases allege:

> 4. Defendants pay Caucasians more than similarly situated African-Americans for the same work, simply because of race in violation of the Arkansas Civil Rights Act of 1993.
> 5. As an example, Defendants pay Plaintiffs 50 cents a bushel for grain transported from Point A to Point B.
> 6. However, for the very same service, Defendants pay similarly situated Caucasians 59 cents per bushel to transport grain from Point A to Point B.

The *Alexander* case, however, is unlike the *Banks* case because it does not seek class action certification.  Additionally, the plaintiffs in *Alexander* allege retaliation.

## II.  DISCUSSION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate actions if they "involve a common question of law or fact."  Defendants ask that the court consolidate the actions for discovery and other pretrial matters.

Plaintiffs object to consolidation, stating that one of the plaintiffs is now deceased, and that it is unclear whether their counsel will continue to represent the estate.  Counsel states that the motion should be denied to "avoid the creation of unnecessary ethical issues."  (*Id.*)

In considering wether to consolidate, the court must "weigh the saving of time and

effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." 9 Charles Alan Wright & Arthur R Miller, *Fed. Practice and Proc.* § 2383.  It is clear that the claims in the two cases are identical, and that consolidation will avoid unnecessary costs, and conserve judicial resources.  Indeed, plaintiffs admit that "discovery conducted in one case may be helpful in the other." (Doc. No. 16).

The death of one plaintiff should not affect consolidation.  As there remains one plaintiff in the *Banks* action, it survives.  Fed. R. Civ. P. 25(a)(2). The same counsel represents the six *Alexander* plaintiffs and the remaining plaintiff in this action and no ethical problems have been raised with regard to representing the remaining plaintiffs. Thus, consolidation of the two actions should not pose any ethical concerns.

Accordingly, the motion to consolidate (Doc. No. 14) is granted and the two actions are consolidated for pretrial matters.  As this case is the oldest, the Clerk should take the appropriate steps to transfer 5:08CV179WRW to this court's docket.

.    IT IS SO ORDERED this 7th day of October,  2008.


_____
UNITED STATES DISTRICT JUDGE